UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11043-RWZ

RHONDA L. MONTEIRO

v.

UNITED STATES OF AMERICA

ORDER
December 8, 2011

ZOBEL, D.J.

Rhonda L. Monteiro filed this motion for the return of $3,630 seized from her on May 3, 2006, when she was arrested on a state warrant by agents of the Drug Enforcement Administration ("DEA") and deputies from the Bristol County Sheriff's Office.[1] On June 20, 2006, the DEA commenced administrative forfeiture against the currency which concluded with its declaration of forfeiture on September 27, 2006. The state criminal case, according to plaintiff's motion, was dismissed on April 18, 2007, for lack of probable cause. The matter is before me on defendant's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim under Rules 12 (b)(1) and (6), Fed. R. Civ. P. respectively. Under both parts of the Rule, the decisive issue is the adequacy of defendant's notice of the forfeiture,[2] as there is no dispute that plaintiff

---

[1] Plaintiff styles her initial pleading a "Motion for the Return of Illegally Seized Property" under Fed. R. Crim. P. 41(g). However, in that pleading she acknowledges that the exclusive remedy to set aside a declaration of forfeiture under a civil forfeiture statute is 18 U.S.C. § 983(e)(1).

[2] In a civil forfeiture proceeding, 18 U.S.C. § 983(a)(1)(A)(i) requires the government to send notice "in a manner to achieve proper notice." The "touchstone" for determining whether notice was adequate is "reasonableness: the Government must afford notice sensibly calculated to inform the interested party of the contemplated forfeiture and to offer him a fair chance to present his claim of

never timely filed a valid claim.  When ruling on a motion under Rule 12(b)(1), the court relies on the pleadings and it may also consider "whatever evidence has been submitted" to make sure that it has jurisdiction.  Merlonghi v. United States, 620 F. 3d 50, 54 (1st Cir. 2010).

In her motion and attached affidavit, plaintiff states that she was arrested in front of her sister's home located at 80 Cedar Street, New Bedford, from which she was transported to the 3d District Court in New Bedford where she was booked and the money in issue listed on a property inventory receipt which she signed.  Thereafter, she alleges, the money was "confiscated into the custody of the Drug Enforcement Administration by Task Force Agent Andrew R. Simmons without complying with any statutory and/or constitutional due process standards."  (Docket # 3, at 3.)  The money was never returned to her and she has "never been served or provided any notice of confiscation or forfeiture...." (Id. at 4.)

Defendant's motion to dismiss is supported by the affidavit of John Hieronymus, Forfeiture Counsel of the DEA (Docket # 10, Ex. 1).  He states that the agency, on June 20, 2006, sent written notice of the seizure by certified mail, return receipt requested, to plaintiff at 80 Cedar Street, New Bedford, the residence of her sister.   On the same day it also similarly notified plaintiff c/o Cornelius Kane, Jr., Esq., her counsel.  Exhibits 2 and 4 to the affidavit show that the receipts for both letters are signed.  The letters also explain that the deadline for filing a claim was July 25, 2006. On July 24, 2006, DEA received a letter, dated July 18, from plaintiff asserting that the money came from an

---

entitlement."  Gonzalez-Gonzalez v. United States, 257 F.3d 31, 36 (1st Cir. 2001).

income tax refund, that she did not have drugs or weapons in her possession when it was taken from her purse, and that she needed it to support her son.  The return address on the letter is 80 Cedar Street, New Bedford.  DEA responded to plaintiff at that return address by certified letter dated August 3, explaining that it was unsure whether plaintiff intended to file a claim and sought clarification.  After three unsuccessful attempts to deliver, the postal authorities returned the letter to DEA with the notation "UNCLAIMED, UNABLE TO FORWARD" on August 31.  Undaunted, DEA tried yet again with another certified letter dated September 11, 2006, to plaintiff, again at the 80 Cedar Street address.  It included copies of the earlier correspondence and once again extended the deadline for filing a claim.  The certified receipt for that letter was signed by "M. Monteiro" on September 29, 2006, and returned to DEA.  Plaintiff did not respond and the declaration of forfeiture was signed, albeit prematurely, on September 27, 2006.   Her motion followed nearly five years later, on June 1, 2011.

     Mr. Hieronymus' affidavit further states that DEA published notice of the seizure of the money, together with explanations for claiming it, in the Wall Street Journal for three successive weeks, July 3, 10, and 17, 2006.  While plaintiff derides the choice of this newspaper and suggests a more appropriate alternative, the New Bedford Standard Times, her July 18 letter is clear evidence that she had notice of the seizure and the choice of newspaper was not a factor in her failure to file a claim.

     Furthermore, plaintiff, in her opposition to defendant's motion to dismiss, acknowledges that she did send correspondence to DEA from her sister's home, but charges DEA with knowledge of her actual address, 356 West Clinton Street, New

3

Bedford.  Since she not only sent correspondence from 80 Cedar Street, but gave that as her return address, DEA cannot be faulted for attempting to find her there.

The sparse record in this case does not disclose the reason or justification for the seizure, but plaintiff's remedy was to file a timely claim and the record is clear that DEA fully discharged its responsibility to formally notify plaintiff of the seizure and explain the process she had to follow to recover the money. Accordingly, plaintiff is not entitled to relief under 18 U.S.C. § 983(e), and this court does not have subject matter jurisdiction.

The motion to dismiss (Docket # 9) is ALLOWED.  Judgment may be entered accordingly.

    December 8, 2011                           /s/Rya W. Zobel
          DATE                                         RYA W. ZOBEL
                                                   UNITED STATES DISTRICT JUDGE